**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EVELYN MITCHUM,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:12-CV-1703-N (BF)** |
| | § | |
| **SETH HARRIS, Acting Secretary, United** | § | |
| **States Department of Labor,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), and an Order of Reference [D.E. 20], this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is the Motion for Summary Judgment [D.E. 35] filed by Defendant Seth Harris, Acting Secretary for the United States Department of Labor ("Defendant"). For the following reasons, the undersigned recommends that the Court GRANT Defendant's Motion for Summary Judgment [D.E. 35].

**BACKGROUND**

Plaintiff began her employment as a GS-9 Human Resource Specialist for the Southwest Region of the Wage and Hour Division of the U.S. Department of Labor, located in Dallas, Texas in July of 2007. *See* Corrected App. in Supp. of Mot. for Summ. J. (Decl. of Deborah F. Hollins) [D.E. 38 at 8]. Plaintiff was a member of a team that conducted wage surveys in counties and states to develop wage determinations which are incorporated into federal contracts. *See id.* [D.E. 38 at 8]. Plaintiff reported to Denise Flores until January 28, 2011 and then to Deborah Hollins thereafter. *See id.* [D.E. 38 at 9]. During her employment with Defendant, Plaintiff received a "minimally satisfactory" rating for the 2009 performance year; the second-lowest rating in a five-tier system used

by Defendant. *See id.* [D.E. 38 at 9].

According to Deborah Hollins, Plaintiff had a longstanding problem grasping the survey process utilized in her position, had difficulty completing her work and was notified in May of 2010 that she was failing two of her critical performance elements. *See id.* [D.E. 38 at 9]. Denise Flores placed Plaintiff on a formal performance improvement plan ("PIP") in November of 2010 due to Plaintiff's failure to improve her performance. *See id.* [D.E. 38 at 9]. Because of Plaintiff's repeated absences from work, Plaintiff's PIP was extended on August 29, 2011 and on March 26, 2012. *See id.* [D.E. 38 at 9]. At the conclusion of Plaintiff's PIP in April of 2012, Defendant determined that Plaintiff was still performing at an unacceptable level on two critical elements identified in the PIP. *See id.* [D.E. 38 at 9]. Plaintiff requested that she be assigned to a different supervisor and requested accommodations for her alleged mental disability. *See id.* [D.E. 38 at 9]. Defendant conducted three job searches within the parameters approved by Plaintiff but the searches failed because there were no open positions for an individual with Plaintiff's qualifications. *See id.* [D.E. 38 at 9].

Subsequent to being placed on the PIP, Plaintiff took leave citing medical reasons on the following dates: November 15, 2010 through February 8, 2011; March 7, 2011 through June 17, 2011; June 20, 2011 through July 20, 2011; and November 6, 2011 through March 16, 2012. *See id.* [D.E. 38 at 9]. During a period of sixteen months between November of 2010 and March of 2012, Plaintiff was on leave for approximately eleven months, which includes sick leave, advanced sick leave, donated leave, annual leave, paid administrative leave and unpaid leave. *See id.* [D.E. 38 at 9-10]. Further, during her employment with Defendant, Plaintiff was suspended for fourteen days for misusing her government credit card. *See id.* [D.E. 38 at 10]. According to Deborah Hollins, Plaintiff's employment with Defendant was terminated on February 8, 2013 due to poor

2

performance. *See id.* [D.E. 38 at 11].

On June 1, 2012, Plaintiff filed the instant action alleging that since May of 2009, she has been constantly harassed, mistreated, and retaliated against by her supervisors. *See* Compl. [D.E. 3 at 1]. Plaintiff contends that Defendant denied her reassignment requests three times because of her work-related disability and retaliated against her for her protected EEO activity. *See id.* [D.E. 3 at 1]. On July 22, 2013, Defendant filed his Motion for Summary Judgment arguing that summary judgment should be granted because Plaintiff's poor performance and excessive absenteeism provided Defendant ample, legitimate, and nondiscriminatory reasons for his employment actions. *See* Mot. for Summ. J. [D.E. 35 at 5]. Plaintiff has not filed a response and the time to do so has passed.

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets his initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado*

3

*v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). Further, while courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Federal Rule of Civil Procedure 56 to search the record in order to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

## ANALYSIS

### 1. Disability Discrimination Claim

In order to prevail on a disability discrimination claim for failure to accommodate under the Americans with Disabilities Act of 1990, Title 42, United States Code, Section 12101, *et. seq.* ("ADA"), Plaintiff must show the following: (1) she is an individual with a disability; (2) she can perform the essential functions of the job with or without reasonable accommodation; (3) the employer had notice of the disability and failed provide accommodation; and (4) the employer is covered by the statute. *See Mzyk v. Ne. Indep. Sch. Dist.*, 397 F. App'x 13, 16 n.3 (5th Cir. 2010). *See also Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999) ("Discrimination under the ADA occurs where a plaintiff proves that (1) he has a 'disability;' (2) he is a 'qualified individual' for the job in question; and (3) an adverse employment decision was made because of his disability."). If Plaintiff is unable to perform the essential functions of her job, even with accommodation, she is by definition, not a "qualified individual." *See id*. Essential job functions are those "functions that bear more than a marginal relationship to the job at issue." *Chandler v. City*

4

*of Dallas*, 2 F.3d 1385, 1393 (5th Cir. 1993).

Defendant argues that summary judgment is proper because Plaintiff is not an "otherwise qualified individual" due to her excessive absences and poor performance. *See* Mot. for Summ. J. [D.E. 35 at 10]. "An ability to appear for work is an essential element of most jobs." *See Green v. Medco Health Solutions of Tex., LLC*, 947 F. Supp. 2d 712, 721 (N.D. Tex. 2013) (citing *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996)). "'It is a rather common-sense idea that if one is not able to be at work, one cannot be a qualified individual.'" *Id.* (quoting *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012)). From November of 2010 through March of 2012, Plaintiff was absent for approximately eleven months. *See* Corrected App. in Supp. of Mot. for Summ. J. (Decl. of Deborah F. Hollins) [D.E. 38 at 9]. Because Defendant satisfied his burden of showing that there is an absence of evidence showing that Plaintiff is a "qualified individual" or that she can perform the essential functions of her job with reasonable accommodation, the burden shifts to Plaintiff to show that summary judgment is not proper. However, Plaintiff failed to file a response and show that summary judgment is not proper. Therefore, summary judgment should be granted for Plaintiff's disability discrimination claim.

## 2. Retaliation Claim

In order to prevail on a retaliation claim under Title VII of the Civil Rights Act of 1964, Section 701, *et seq.*, Title 42, United States Code, Section 2000e, *et seq.* ("Title VII"), Plaintiff must show the following: (1) she engaged in a protected activity under Title VII; (2) an adverse employment action occurred; and (3) there is a causal link between the protected activity and the adverse action. *See Ackel v. Nat'l Commc'ns., Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). "Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . . [A]

plaintiff making a retaliation claim . . . must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533-34 (2013).

Defendant argues that summary judgment is proper on Plaintiff's retaliation claim because there is no evidence showing that Plaintiff's prior EEO activity was the "but-for" cause of the alleged adverse employment action. *See* Mot. for Summ. J. [D.E. 35 at 14]. Because Defendant contends that Plaintiff was terminated for her poor performance and lack of attendance, the burden shifts to Plaintiff to show that the adverse employment action would not have taken place "but-for" her protected EEO activity. *See Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001) ("The City subsequently satisfied its burden of production by contending that Montemayor was terminated because she was a 'substandard' cadet. At that point, any inference of discrimination disappeared and Montemayor had the burden of proving that her termination from the Fire Department would not have occurred 'but for' her protected conduct."). Plaintiff failed to file a response and show that summary judgment is not proper. Therefore, summary judgment should be granted on her retaliation claim.

## <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendant's Motion for Summary Judgment [D.E. 35].

**SO RECOMMENDED**, this 7th day of March, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to

7

fourteen days).